IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**PAULA K. HICKS**      **PLAINTIFF**

**V.**      **NO. 3:20-CV-00061 KGB-BD**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**      **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to Judge Kristine G. Baker. Either party may file objections if they disagree with the findings or conclusions set out in this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### I. Introduction:

On March 16, 2015, Paula K. Hicks applied for disability benefits, alleging disability beginning December 15, 2011. (Tr. at 136, 192, 437, 444, 494) Her claims were denied both initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge (ALJ) denied Ms. Hicks's application on May 3, 2017. (Tr. at 116, 182) Ms. Hicks requested that the Appeals Council review the ALJ's decision; it

did; and it remanded the case for further development of the record regarding mental impairments. (Tr. at 198-202)

Thereafter, the ALJ conducted two hearings; the first commenced before all consultative examinations were conducted. (Tr. at 10) The ALJ issued a decision denying Ms. Hicks's application for benefits on August 8, 2019. (Tr. at 28) Ms. Hicks requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Hicks filed this case seeking judicial review of the decision denying her benefits.

## II.   The Commissioner's Decision:

The ALJ found that Ms. Hicks had not engaged in substantial gainful activity since the alleged onset date of December 15, 2011. (Tr. at 13) At step two of the five-step analysis, the ALJ found that Ms. Hicks had the following severe impairments: cervicalgia with degenerative disc disease at C4-C5 and C5-C6, diabetes mellitus, hypertension, arthralgia of the knee, degenerative disc disease of the lower back, obstructive sleep apnea, obesity, depressive disorder, and anxiety disorder. *Id.*

After finding that Ms. Hicks's impairments did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that she had the residual functional capacity (RFC) to perform work at the sedentary exertional level, with some additional limitations: (1) she could occasionally stoop, kneel, crouch, crawl, and climb stairs; (2) she must avoid exposure to hazards, such as dangerous equipment or machinery, electrical shock, unprotected heights, and excessive airborne irritants; (3) she had the mental ability to understand, remember, and carry out simple job instructions, and make

judgments in simple work-related situations; and (4) she was able to respond appropriately to coworkers/supervisors with occasional incidental contact that is not necessary to perform the work and she could respond appropriately to minor changes in the usual work routine; and (5) she should avoid interaction with the public. (Tr. at 16)

The ALJ found that Ms. Hicks was unable to perform any past relevant work. (Tr. at 26) Relying on the testimony of a Vocational Expert (VE), the ALJ found, after considering Ms. Hicks's age, education, work experience and RFC, that jobs existed in significant numbers in the national economy that she could perform, including work as document preparer and table worker. (Tr. at 27) Thus, the ALJ held that Ms. Hicks was not disabled. *Id.*

### III. Discussion:

A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the Commissioner's] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

B.   Ms. Hicks's Arguments on Appeal

Ms. Hicks maintains that the evidence supporting the ALJ's decision to deny benefits is less than substantial. Specifically, she argues that the ALJ did not give proper weight to the opinion of the consultative examiner and that the RFC did not incorporate all of her limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Hicks complained of heart problems, but her ejection fraction rate was normal; and she had only mild mitral regurgitation. (Tr. at 709) Her hypertension improved with medication, although Ms. Hicks conceded that she missed some doses. (Tr. at 732) When Ms. Hicks's blood pressure was mildly elevated at a clinic visit in 2016, she admitted that she had not been compliant in taking her medication. (Tr. at 1019) Refusing to follow a prescribed course of treatment undercuts a claimant's allegations of disability. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997). In January 2018, Ms. Hicks stated that she did not want to take any additional blood pressure medication. (Tr. at 951) Also at that time, her blood sugar level and her vision were reportedly good; and Ms. Hicks reported that she was able to control her diabetes with diet modification. (Tr. at 951-959) Her doctors encouraged her to exercise; and toward the end of the relevant time period, Ms. Hicks was reportedly more physically active. (Tr. at 836, 999, 1035) A physician's recommendation to exercise suggests that a

4

claimant has increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

X-rays of Ms. Hicks's cervical and lumbar spine showed only mild conditions. (Tr. at 1123) Ms. Hicks underwent physical therapy but declined her doctors' suggestion for steroid injections. (Tr. at 955, 967) Her treatment for back and neck pain was not aggressive, indicating that Ms. Hicks's symptoms were not as serious as she alleged. Moreover, she conceded that she could take care of personal needs, cook, shop in stores, and go to church. (Tr. at 15, 549-554) Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)

Dr. Anandaraj Subramanium, M.D., performed a consultative physical examination in July 2018. (Tr. at 1075-1084) Ms. Hicks told him that she was doing well on heart medication and a CPAP was working for sleep apnea. *Id*. Testing showed normal gait, normal reflexes, and negative straight-leg raises. *Id*. Cervical range of motion was normal. *Id*. Ms. Hicks was unable to squat or walk on her heels or toes. *Id*. Dr. Subramanium found moderate limitations in Ms. Hicks's ability to stand, walk, sit, lift, and carry, which is consistent with the ALJ's assigned RFC. *Id*.

The ALJ gave the opinion some weight, noting a generally unremarkable examination. (Tr. at 25). The medical opinion was based on the clinical objective examination, Ms. Hicks's subjective complaints, and her medical history, but the ALJ found it to be inconsistent with the balance of the medical record, which showed

noncompliance and conservative treatment. It was also inconsistent with the relatively normal clinical examination. The Court finds no error in the weight the ALJ gave to the consultative examiner opinion.

The ALJ clearly credited Ms. Hicks's complaints of pain, because he assigned an RFC for sedentary work even though the two state-agency medical experts found no evidence of severe physical impairments. (Tr. at 162) A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In his lengthy opinion, the ALJ clearly considered the benign objective medical evidence, Ms. Hicks's failure to take medication as prescribed, and her improvement over time. The RFC fully accounted for her limitations.[1]

## IV.  Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Hicks was not disabled. The ALJ properly evaluated the medical opinions, and the RFC incorporated all of Ms. Hicks's limitations. The decision, therefore, should be affirmed. Judgment should be entered for the Defendant.

---

[1] There was also a mental component to this case. Although Ms. Hicks alleged anxiety and depression, in 2017, she reported that she was doing well mentally; and she did not seek out specialized psychiatric care. (Tr. at 975) She declined to take anti-depressants in 2017. (Tr. at 955, 995) Moreover, the psychiatric consultative examiner found no more than mild functional limitations based on anxiety and depression. (Tr. at 1085-1093) And as noted, Ms. Hicks could perform routine daily activities. The RFC for simple work matched her mental impairments.

DATED this 11th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE